IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16-cr-00004 |
| | ) | |
| | ) | |
| AARON MENARD | ) | |
| | ) | |

**POSITION WITH RESPECT TO SENTENCING FACTORS**

The defendant, Aaron Menard, by counsel, pursuant to Section 6A1.2 of the Sentencing Guidelines and Policy Statements and the Court's Sentencing Procedures Order, respectfully states the defendant's position with respect to sentencing factors. Mr. Menard's minor role, early acceptance of responsibility, and willingness to cooperate warrants a sentence within the Guideline range of 0 to 6 months.

**I.     STATUTORY AND GUIDELINES OVERVIEW**

Mr. Menard comes before the Court for sentencing on one count of Conspiracy to Steal Government Property in violation of 18 U.S.C. § 371, a Class D Felony, which carries a statutory term of 5 years imprisonment, a fine of $250,000, and a $100 special assessment. The United States Probation Officer has calculated a Guideline Range of 0 to 6 months (Total Offense Level 0; Criminal History Category VI). Mr. Menard has no objections to the Presentence Investigation Report (hereinafter referred to as "PSR").

**II. ARGUMENT**

The defendant respectfully requests that the court impose a sentence within the Guidleine range of 0 to 6 months, which is sufficient but not greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

   A.  *Section 3553(a) Factors as Applied to Mr. Menard*

Federal courts must impose the least amount of imprisonment necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a). In determining the sentence to be imposed, the factors under the court's consideration include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and to deter criminal conduct in the future; (3) the kinds of sentence and the sentencing range established for the particular offense; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes.

      1.   *The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.*

Mr. Menard is the child of two heavily drug addicted parents, both of whom died at an early age (the father at age 54 due to diabetic complications; the mother at age 47 due to a drug overdose). He has a lengthy criminal history that is at least partially due to his troubled upbringing as well as his own history of drug addiction. This is his first time in federal court.

At the time of his arrest, Mr. Menard was living with the family of one of his co-defendants, Joseph Bagley.[1] Mr. Menard's involvement with the conspiracy at issue stems from his friendship with Mr. Bagley. He was at Mr. Bagley's home when the other co-defendants, Matthew Deleo and Stephen Griswold, offered to pay Mr. Menard to drive from Rhode Island to

---

[1] Mr. Bagley's mother has been contacted by the Probation Office and she has agreed to let Mr. Menard continue to live with her upon his release.

Virginia to steal government property. This was the first time Mr. Menard had met Mr. Deleo or Mr. Griswold. Mr. Menard agreed to participate, although he did not know at the time what he was helping to steal or the extent of the planned heist. Furthermore, Mr. Menard was unaware of the broader conspiracy to steal government property that was allegedly being orchestrated by Mr. Deleo and Mr. Griswold.

As acknowledged by the Government, Mr. Menard's role in the instant offense was minor. His primary task was to serve as the "look out" during the heist. Mr. Menard was not with the other three co-defendants when they were arrested, and when he was apprehended he immediately confessed and agreed to cooperate.

Mr. Menard's Total Offense Level was decreased by four points pursuant to USSG § 3B1.2(a) for being a minimal participant in the instant offense. The PSR states that he received the reduction "due to his lack of knowledge of the scope and structure of the conspiracy; his lack of planning and organizing; his lack of decision making authority and discretion in performing the offense; and the lack of proceeds he stood to benefit from the offense." *See,* PSR ¶ 12.

Finally, Mr. Menard has expressed profound remorse for his criminal conduct and he has vowed to cease all criminal activity upon his release. This experience has been a true "wake up call," and Mr. Menard has committed to changing his life for the better. He will seek immediate employment, and he intends to once again become a productive member of society.

2. *The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Deter Criminal Conduct.*

The § 3553(a) factors also take into account the need for the sentence to reflect the seriousness of the offense and to deter future criminal conduct. Mr. Menard has been in federal custody since December 13, 2015. A sentence within the Guideline range of 0 to 6 months would make him eligible for immediate release. Given his minor role in the instant offense,

being imprisoned for over six months at the time of sentencing adequately reflects the seriousness of the offense and will deter future criminal conduct.

       3. *The Kinds of Sentence and the Sentencing Range Established.*

Mr. Menard does not dispute the Guideline sentencing range of 0 to 6 months, and he respectfully asks the Court to consider his immediate release given the fact that he had been imprisoned for over six months at the time of sentencing.

       4. *The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records who have been Found Guilty of Similar Crimes.*

The only co-defendant similarly situated is Mr. Bagley, who is scheduled to be sentenced by this Honorable Court on July 6, 2016. As such, this factor does not appear to apply.

**III.   CONCLUSION**

The calculated Guideline range of 0 to 6 months is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). For all of the reasons stated above, Mr. Menard respectfully requests for the Court to impose a sentence between 0 to 6 months. Mr. Menard further requests for the Court to find that he has already served his time since he has been in federal custody for over six months at the time of sentencing, and therefore order his immediate release.

                                                 Respectfully Submitted,

                                                 By:   /s/
                                                 Anthony M. Gantous
                                                 Virginia State Bar No. 78186
                                                 PIERCE & THORNTON, PLC
                                                 150 Boush Street, Suite 801
                                                 Norfolk, VA  23510
                                                 Tel:    (757) 625-7777
                                                 Fax:   (757) 625-7760
                                                 Email: anthony@pierceandthornton.com
                                                 Attorney for Defendant,
                                                 Aaron Menard

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Alyssa Nichol, Esq.
Assistant U.S. Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone No. (757) 441-6331
Fax No. (757) 441-6689
Email: alyssa.nichol@usdoj.gov

I further certify that on this same day the foregoing has been emailed to:

Anita G. Powell
U.S. Probation Officer
827 Diligence Drive, Suite 210
Newport News, VA 23606
Email: Anita_Powell@vaep.uscourts.gov

/s/
Anthony M. Gantous
Virginia State Bar No. 78186
PIERCE & THORNTON, PLC
Town Point Center, Suite 801
150 Boush Street
Norfolk, VA 23510
Tel: (757) 625-7777
Fax: (757) 625-7760
Email: anthony@pierceandthornton.com
Attorney for Defendant,
Aaron Menard