UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16cr4 |
| | ) | |
| AARON MENARD, | ) | Sentencing Date: June 22, 2016 |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S POSITION ON SENTENCING

The United States of America, through the undersigned attorneys, respectfully submits this Position on Sentencing in this case. The United States concurs with the findings of the Presentence Investigation Report (PSR), and it further concurs that the Defendant's applicable adjusted Offense Level is 0 and his Criminal History Category is VI. Accordingly the defendant's advisory Sentencing Guidelines range is 0-6 months. The government respectfully recommends that the Court impose a sentence of 6 months of imprisonment and three years of supervised release.

**I.    INTRODUCTION**

On the weekend of December 10-13, 2015, the defendant, together with three co-conspirators, traveled from Franklin, Massachusetts to Naval Weapons Station Yorktown, Virginia—Cheatham Annex (Cheatham Annex), a United States Navy base located in the Eastern District of Virginia, with the express purpose of stealing military property from warehouses on the military installation. The plan was for the defendant to serve as the lookout while other co-conspirators removed government property from Warehouse #4 on Cheatham Annex. The co-conspirators rented a cabin for the weekend as a base of operations, purchased supplies in furtherance of their conspiracy, and entered Warehouse #4. The defendant's co-

conspirators were unable to locate the military property they were targeting while they were inside the warehouse. The co-conspirators also purchased and used illegal narcotics throughout the course of the weekend. Unbeknownst to them, agents with the Naval Criminal Investigative Service (NCIS) were conducting physical and technical surveillance of the co-conspirators' activities on Cheatham Annex throughout the weekend. At approximately 6:00 on the morning of Sunday, December 13, 2015, NCIS agents apprehended the defendant's three co-conspirators as they attempted to drive off the base. The co-conspirators had intended to return to Cheatham Annex to complete their heist. Shortly thereafter, NCIS agents apprehended the defendant at the cabin where the co-conspirators had been residing.

NCIS agents stopped the co-conspirators before they were able to steal any military property. Subsequent investigation revealed that the defendant, Aaron MENARD, did not know what items the co-conspirators intended to steal, but knew that the object of the conspiracy was to steal government property from warehouses on the military base, fill a 21-foot trailer with the property, and bring it back to Massachusetts. The investigation also revealed that two of the defendant's co-conspirators, Matthew DELEO and Stephen GRISWOLD, had previously stolen military property, including military uniforms, and sold the property to foreign nationals from various overseas nations, including China and Russia.

**II. PROCEDURAL HISTORY**

On January 7, 2016, a federal grand jury in the Eastern District of Virginia, Norfolk Division, returned a one-count indictment, charging the defendant and three co-conspirators with Conspiracy to Steal Government Property, in violation of 18 U.S.C. § 371. On February 23, 2016, pursuant to a written Plea Agreement, the defendant pleaded guilty to the sole count of the indictment. The government later moved to dismiss the indictment as to two of the co-

conspirators, Matthew DELEO and Stephen GRISWOLD. Both of those individuals are currently facing charges in the U.S. District Court for the District of Rhode Island in connection with a related conspiracy.

## III.   ARGUMENT

A sentence of 6 months of imprisonment and 3 years of supervised release is appropriate, considering the advisory nature of the guidelines and the 18 U.S.C. § 3553(a) factors. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made clear that sentencing courts should consult [the Sentencing] Guidelines and take them into account when sentencing." 543 U.S. at 264; *see also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker,* 543 U.S. at 264 (quoting 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

*A. The Nature and Circumstances of the Offense*

The defendant has an Offense Level of 0 in large part because agents with NCIS apprehended all four co-conspirators before they were able to achieve the object of the conspiracy. That the conspiracy did not result in more dire consequences, and there is no established loss amount, is to the credit of the agents from NCIS who stopped the conspiracy, not to the credit of the defendant. The defendant had every intention of indiscriminately stealing military property from a warehouse on a Navy base. The government agrees that the defendant was a minimal participant in the conspiracy, but the conspiracy could have had far-reaching consequences implicating national security interests. Evidence in the investigation shows that, had the co-conspirators completed the theft on Cheatham Annex as planned, they would have stolen and sold military equipment. A real possibility exists that the co-conspirators would have sold the military property to individuals who pose a threat to America's armed forces. The government agrees that the defendant did not know what his co-conspirators intended to do with the military property once they stole it, but the defendant's ignorance demonstrates an absolute disregard for the consequences of his crimes.

   B. *History and Characteristics of the Defendant (Section 3553(a)(1))*

The defendant has a Criminal History Category of VI, due to a lengthy criminal record that involves violent offenses. The government respectfully recommends that imposing the statutory maximum term of supervised release in this case, in conjunction with a prison sentence, will put the government in the best possible position to ensure that this defendant does not commit crimes in the future.

Pursuant to his plea agreement, the defendant has accepted responsibility and fully cooperated with the government in this case.

   C. *Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote the Respect for Law, and to Provide Just Punishment for the Offense (Section 3553(a)(2)(A))*

A sentence of 6 months of imprisonment is necessary to reflect the seriousness of the Defendant's crimes, to provide just punishment for that crime and to promote respect for the law. Stealing government property is a serious crime in and of itself, but stealing military equipment from a military installation is particularly egregious. Members of the United States military enjoy an awesome amount of trust, respect, and authority bestowed upon them by the American people. Military property in the wrong hands creates the opportunity for people either to use military property for nefarious purposes or actually to pose as military members. These actions could compromise public trust in the members of our military and, indeed, put them in grave danger.

   D. *Need to Afford Adequate Deterrence and Protect Public from Further Crimes (Section 3553(a)(2)(B)-(C))*

Imposing a sentence of 6 months of imprisonment for the Defendant would serve the important purpose of deterring future individuals within the district and beyond from engaging in similar misconduct. General deterrence has its greatest impact in white-collar cases, like this

one, because these crimes are committed in a more rational and calculated manner than sudden crimes of passion or opportunity. *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013) (quoting *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006)). Specifically, this defendant traveled in interstate commerce for the express purpose of stealing military property. It was deliberate, calculated, and took great effort to achieve. The defendant persisted in participating in the conspiracy over the course of four days, from December 10-13, 2015. This was not a crime of passion or sudden opportunity. Individuals who consider committing similar crimes in the future can be deterred by a serious sentence in this case.

      *E. Avoiding Unwarranted Sentence Disparities (Section 3553(a)(6))*

      This Defendant is the first defendant to be sentenced in this case. A sentence at the high end of the advisory Sentencing Guidelines will be in keeping with sentences imposed on defendants whose criminal activity affects a national security asset. *United States v. Donald McManus*, 2:15cr109; *United States v. Breanna McManus*, 2:15cr109 (respectively sentenced above Advisory Sentencing Guidelines of 6-12 months when conspiracy to distribute heroin impacted the USS George H.W. Bush (CVN 77) aircraft carrier).

**IV.**    <u>**CONCLUSION**</u>

      Based on the foregoing, the United States requests that this Court impose a term of imprisonment of 6 months and three years of supervised release.

                                    Respectfully submitted,

                                    DANA BOENTE
                                    UNITED STATES ATTORNEY

                By:            /s/
                                Alyssa Nichol
                                Special Assistant United States Attorney

                                  Attorney for the United States
                                  United States Attorney's Office
                                  101 West Main Street, Suite 8000
                                  Norfolk, Virginia 23510
                                  Telephone: (757) 441-3554
                                  Facsimile: (757) 441-3205
                                  E-mail: Alyssa.Nichol@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Anthony Michael Gantous<br>
150 Boush Street<br>
Suite 801<br>
Norfolk, VA 23510<br>
(757) 625-7777

        /s/
Alyssa Nichol
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-3554
Facsimile: (757) 441-3205
E-mail: Alyssa.Nichol@usdoj.gov